IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

STEPHAN STOWERS,

      Petitioner,                      No. CIV S-05-2067 MCE GGH P

   vs.

MIKE EVANS, et al.,

      Respondents.              FINDINGS AND RECOMMENDATIONS

_____/

        Petitioner is a state prisoner proceeding through counsel with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. This action is proceeding on the original petition filed October 13, 2005.

        Petitioner challenges his 1999 first degree murder conviction. Cal. Penal Code § 187. The jury also found true an allegation that petitioner personally used a firearm in the commission of the offense. Cal. Penal Code § 12022.5(a). Petitioner is serving a sentence of twenty-five years to life for the murder conviction and a term of ten years for the use of a firearm.

        Pending before the court is respondent's January 31, 2006, motion to dismiss on grounds that this action is barred by the statute of limitations. On March 23, 2006, oral argument was held regarding this matter. Victor Haltom appeared on behalf of petitioner. Catherine

\\\\\

Chatman appeared on behalf of respondent. After carefully considering the record, the court recommends that respondent's motion be denied.

The statute of limitations for federal habeas corpus petitions is set forth in 28 U.S.C. § 2244(d)(1):

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

On February 26, 2003, the California Court of Appeal affirmed petitioner's conviction. Respondent's Lodged Document No. 1. Petitioner did not file a petition for review. Therefore, petitioner's conviction became final 40 days later on April 7, 2003. Smith v. Duncan, 297 F.3d 809, 812-813 (9th Cir. 2002) (citing Cal. Rules of Court, rules 24(a), 28(b), 45(a)). Petitioner had until April 5, 2004, to file a timely federal petition. The instant action, filed October 13, 2005, is not timely unless petitioner is entitled to statutory or equitable tolling.

Section 2244(d)(2) provides that the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation. The court now considers whether petitioner is entitled to tolling pursuant to § 2244(d)(2).

\\\\\

On April 5, 2004, petitioner filed a habeas corpus petition in the Sacramento County Superior Court. Respondent's Lodged Document No. 2. On May 20, 2004, the Superior Court denied the petition after making written findings on the merits. Respondent's Lodged Document No. 3. On August 19, 2004, petitioner filed a habeas corpus petition in the California Court of Appeal. Respondent's Lodged Document No. 4. On September 2, 2004, the state appellate court denied this petition without comment or citation. Respondent's Lodged Document No. 5. On September 17, 2004, petitioner filed a habeas corpus petition in the California Supreme Court. Respondent's Lodged Document No. 6. On October 12, 2005, the Supreme Court denied the petition without comment or citation. Respondent's Lodged Document No. 7.

Respondent concedes that if petitioner is entitled to continuous tolling for the entire times his petitions were pending in state court, i.e. from April 5, 2004, until October 12, 2005, the instant action is timely. Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999) (the statute of limitations is tolled under 28 U.S.C. § 2254(d)(2) during the time properly filed state post-conviction proceedings are pending, and that tolling applies from the time the first state habeas petition is filed until the California Supreme Court rejects the petitioner's final collateral challenge).

Citing Evans v. Chavis, ___ U.S. ___, 126 S. Ct. 846 (2006), respondent argues that petitioner is not entitled to interval tolling for the 87 days between the time the Superior Court denied his habeas petition and when he filed his petition in the California Court of Appeal because this second state petition was not timely filed. For purposes of § 2244(d)(2), a petitioner is entitled to interval tolling only for petitions that were timely filed under state law. 126 S. Ct. at 849. In most states, a statute sets forth a time period, such as 30 or 60 days, for the filing of a timely appeal. Id., 849. Under California law, the notice of appeal is timely if filed within a "reasonable time." Id. (citing In re Harris, 5 Cal.4th 813, 828 n. 7, 21 Cal.Rptr.2d 373 (1993)).
/////

In Evans, the Supreme Court stated that whether a state petition was timely under California law must be decided on a case by case basis. Id. at 853. The Supreme Court also stated that even if a state court denies a habeas on the merits, this does not prove that the state court thought the petition was timely. Id. at 850.

Respondent argues that petitioner's habeas petition filed in the state appellate court was not timely because it was not filed within the 30 or 60 day time limit that most states have. The Supreme Court in Evans did not hold that the 30 or 60 day time limit of other states governed the determination of whether petitions filed in California were timely.

> In the absence of any such guidance, however, we see no alternative way of applying state law to a case like this one but for the Ninth Circuit simply to ask and to decide whether the state prisoner made the relevant filing within a reasonable time. In doing so, the Circuit must keep in mind that, in Saffold, we held that timely filings in California (as elsewhere) fell within the federal tolling provision *on the assumption* that California law in this respect did not differ significantly from the laws of the other States, i.e. that California's "reasonable time" standard would not lead to filing delays substantially longer than those in States with determinate timeliness rules.

126 S.Ct. at 853.

After reviewing the record, this court finds that the 87 interval was not unreasonable. Although not dispositive, the court observes that no state court found petitioner's habeas petitions to be untimely. In addition, the 87 delay interval is not *substantially longer* than the 30 to 60 day standards in states with determinate timeliness rules. More importantly, at the time petitioner filed his second petition in the state appellate court, the Ninth Circuit had held in Saffold v. Carey, 312 F.3d 1031 (9th Cir. 2002), as amended on denial of rehearing (Jan. 14, 2003), that a 4 ½ month interval did not constitute unreasonable delay. Therefore, by relying on Saffold, petitioner did not act unreasonably in not filing his second petition within 30 or 60 days of the date the Superior Court denied his first petition. In other words, the state of the law describing what is reasonable/unreasonable at the time one acts, or fails to act, is an important factor when years later deciding the reasonableness of one's actions (after the law has changed).

\\\\\

4

1   Respondent also argues that under California law, a state habeas petition is akin to
2   an appeal.  Under California law, a defendant has 60 days to file a notice of appeal from a
3   superior court judgment.  Cal. Rules of Court, rule 30.1(a).  Respondent argues that a state
4   habeas petitioner need not re-format his claims, and that each level of state court requires the use
5   of the same form.  Respondent argues that this court should find that state habeas petitioners are
6   bound by the same time limits as when they pursue direct appeals.
7   In his opposition, petitioner observes that his petition filed in the California Court
8   of Appeal was substantially re-written to address the prerequisites to seeking relief in the
9   appellate court, to discuss petitioner's position that the Superior Court had failed to adhere to
10  California law concerning the establishment of a prima facie case, and to discuss the Superior
11  Court's handline of petitioner's substantive claims.  The court agrees with petitioner that his
12  petition filed in the state appellate court was not like a notice of appeal, as suggested by
13  respondent.  Petitioner also observes that in California direct appeals, an appellant's opening
14  brief is not typically filed until months after the filing of the notice of appeal.  Respondent's
15  argument that the time limit for filing appeals should inexorably be applied to habeas petitions is
16  not persuasive.
17  Petitioner also argues that he is entitled to statutory tolling due to an ongoing
18  investigation and the scheduling conflicts of his counsel.  The court need not reach these issues
19  because it finds for the reasons discussed above, that petitioner's petition filed in the California
20  Court of Appeal was not unreasonably delayed.  For the same reason, the court need not reach
21  petitioner's arguments regarding equitable tolling.
22  Accordingly, IT IS HEREBY RECOMMENDED that respondent's January 31,
23  2006, motion to dismiss be denied and respondent be ordered to file an answer to the petition.
24  These findings and recommendations are submitted to the United States District
25  Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty
26  days after being served with these findings and recommendations, any party may file written

1  objections with the court and serve a copy on all parties.  Such a document should be captioned
2  "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections
3  shall be served and filed within ten days after service of the objections.  The parties are advised
4  that failure to file objections within the specified time may waive the right to appeal the District
5  Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).
6  DATED: 3/29/06

/s/ Gregory G. Hollows

GREGORY G. HOLLOWS
UNITED STATES MAGISTRATE JUDGE

9  ggh:kj
stowers.157